UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jeffrey A. Laney, | ) | CASE NO. 1:22 CV 797 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr. Oneyeke, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion for Summary Judgment. (Doc. 20). This case arises from medical care plaintiff received while incarcerated. For the following reasons, the motion is UNOPPOSED and GRANTED.

**Facts**

*Pro se* plaintiff Jeffrey A. Laney filed this Complaint against defendants Dr. Oneyeke (correctly spelled hereafter as Onyeneke) and Nurse Kelly Weaver. Plaintiff, a state prisoner, used a form to be used by prisoners filing a civil rights complaint. The Complaint alleges the

following. Defendants are medical staff at the Richland County Jail. Plaintiff requested numerous times for care from the medical staff for a chronic medical issue upon his arrival at the jail in February 2022 but was ignored. Additional complaints to the jail administration were ignored. On April 22, 2022, plaintiff was finally seen by Dr. Onyeneke. Nurse Weaver placed a catheter in plaintiff that day. Plaintiff told Weaver that the catheter was the wrong size, that the "balloon" was overinflated, and that the catheter hurt. Weaver ignored plaintiff and he was sent back to his cell. On April 23, 2022, plaintiff was rushed to Avita Ontario Emergency Department with injuries from the placement of the catheter. Medical staff at Avita told plaintiff that the wrong size catheter was used and that the medical staff at the Richland County Jail had done so maliciously. A urologist at Avita successfully catheterized plaintiff and recommended plaintiff see an outside urologist. The jail refused to allow plaintiff to see an outside urologist, and has withheld plaintiff's medical records from him.

Defendants submit the affidavits of Dr. Onyeneke and Nurse Weaver. Dr. Onyeneke avers that he was the medical care provider at the Richland County Jail while plaintiff was incarcerated there from February 2022 to June 2022. Plaintiff submitted a medical request related to urinary issues and demanded to be seen by an outside urologist. In response, Dr. Onyeneke ordered a urine analysis. On April 22, Dr. Onyeneke ordered an indwelling foley catheter for plaintiff which Nurse Weaver successfully placed that same day. After the catheter was placed, plaintiff refused to have jail medical staff perform routine care related to the catheter, including examination and changing of the catheter. Despite plaintiff's continued demands to see an outside urologist, Dr. Onyeneke did not perceive any medical basis for such referral. Nurse Weaver avers that as evidenced by the attached medical notes, Dr. Onyeneke

2

ordered the urine screening and indwelling foley catheter for plaintiff which Weaver successfully inserted on April 22, 2022. (Doc. 20 Exs. A and B, Exs. 1 and 2). The Avita Ontario Emergency Department records are also submitted. The records state that plaintiff's "chief complaint" was that the catheter placed earlier that day "fell out" and that plaintiff "denie[d] any other complaints." The catheter was re-inserted and plaintiff was discharged back to the jail. (Doc. 20 Ex. C). A June 14, 2022 Medical Transfer Sheet transferring plaintiff to the Lorain Correctional facility states that plaintiff would require "catheter change every 30 days." (Doc. 20 Ex. D).

This matter is now before the Court upon defendants' Motion for Summary Judgment. Plaintiff did not oppose the motion.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242,

3

248 (1986).

Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc*., 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Defendants argue that plaintiff cannot prove a deliberate indifference claim under §

1983.[1]  This Court agrees.

It is well-established that in "order for a prisoner to state an Eighth Amendment deliberate indifference claim with respect to his medical care, he must demonstrate 'both objective and subjective components.' He must demonstrate that he had a 'sufficient serious medical need' (the objective component), and that the prison official in question had 'a sufficiently culpable state of mind' in denying care (the subjective component)." *Brown v. Whitaker,* 2023 WL 3304505 (N.D.Ohio May 8, 2023) (citing *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) and *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004)).

"The subjective component requires more than mere negligence, medical malpractice, or 'misdiagnosis of an ailment.' " *Id.* (citing *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). "To satisfy the subjective component, the plaintiff must show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*. And, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id*. When medical care is provided, "federal courts are generally reluctant to second guess medical judgments" unless the medical treatment provided was "so woefully inadequate as to amount to no treatment at all." *Id.*

---

[1] Defendants also argue that plaintiff cannot establish a medical negligence claim because he has failed to produce an expert.  However, plaintiff filed his Complaint on the civil rights form and, therefore, this case is analyzed under § 1983.

For the unopposed reasons stated by defendants, the Court agrees that plaintiff's Eighth Amendment claim fails. The evidence submitted by defendants is also uncontroverted. The evidence establishes that defendants adequately provided care for plaintiff's medical condition and there is no evidence to support the subjective component of the claim.

**Conclusion**

For the foregoing reasons, defendant's Motion for Summary Judgment is unopposed and granted.

IT IS SO ORDERED.

Dated: 10/11/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge